# United States Court of Appeals for the Fifth Circuit

_____

No. 22-51040
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Esau Hernandez-Chavez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CR-52-1

_____

Before Dennis, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Carlos Esau Hernandez-Chavez appeals his conviction and sentence for illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). Hernandez-Chavez contends that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that were neither alleged in the indictment nor found by a jury

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51040

beyond a reasonable doubt.  He correctly acknowledges that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  He nevertheless seeks to preserve the issue for further review and has filed an unopposed motion for summary disposition.  Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Hernandez-Chavez's motion is GRANTED, and the district court's judgment is AFFIRMED.